Death Opinion











 





IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75, 406






RONNIE JOE NEAL, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM BEXAR COUNTY






 Meyers, J., filed a concurring opinion.


CONCURRING OPINION



 In Appellant's sixth point of error, he argues that the trial court erred in failing to
empanel a separate jury to determine whether he is mentally retarded. I agree that when
the issue of mental retardation is raised, a separate jury should consider whether the
defendant is mentally retarded prior to the beginning of a capital murder trial. (1) A jury
who has already decided that a defendant is guilty of capital murder, and that he is a
future danger and has no mitigating factors in his favor may not be in the best position to
make the determination of whether the defendant is mentally retarded. Because the
special issues in a capital murder trial are so intertwined, hearing the evidence related to
the special issues may result in undue influence on the jury when considering the
defendant's claim of mental retardation. Thus, the jury's answers to the special issues
may prejudice them against the defendant for the purpose of a mental retardation
determination. Alternatively, it is also possible that the defendant's presentation of
evidence related to a mental retardation claim could adversely affect the jury's decision
on the mitigation issue. I feel that the determination of whether a defendant is mentally
retarded should be conducted in a manner similar to a hearing regarding competency to
stand trial. 

 However, in the case before us, I do not disagree with the conclusion that the
defendant is not mentally retarded and I do not dispute the jury findings on the special
issues. Due to the facts of this specific case, I agree that there was no need for a separate
jury to consider the mental retardation issue. Therefore, I concur in point of error six and
otherwise join the opinion of the majority.

 Meyers, J.


Filed: June 18, 2008

Publish
1. This should only be done when the defendant has made a prima facie showing that he is
mentally retarded.